UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUIS IVAN POBLETE,<br><br>Plaintiff,<br><br>v.<br><br>L. DARREN GOLDBERG, et al.,<br><br>Defendants. | Civil Action 09-01742  (HHK) |

## MEMORANDUM OPINION

Plaintiff Luis Ivan Poblete commenced this action against L. Darren Goldberg, James E. Clarke, Renee Dyson, Ocwen Loan Servicing ("Ocwen"), America's Servicing Company, and U.S. Bank National Association by filing and serving a document titled "Nice Offer and Demands" ("complaint").[1]  It appears that this action concerns real properties owned by Poblete and that the individual defendants have been appointed substitute trustee(s) in foreclosure proceedings in which Poblete is apparently involved.  Before the Court are three motions to dismiss filed by Ocwen, America's Servicing Company and U.S. Bank N.A., and the individual defendants, respectively [## 3, 7, 11].

After each motion to dismiss was filed, the Court ordered that Poblete respond to it by a particular date.  As required by *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court warned Poblete that failure to respond to the defendants' motions could result in the Court granting the motions as conceded and dismissing the case.

---

[1]   This Court adopts the defendants' assumption that the "Nice Offer and Demands" is Poblete's complaint.

Local Civil Rule 7(b) provides:

Within 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

LCvR 7(b). A district court may grant a motion to dismiss as conceded based on the absence of a response. *See Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1295 (D.C. Cir. 2004) (affirming district court's grant of motion to dismiss as conceded due to plaintiff's failure to file a response). The deadlines the Court set for Poblete's response have now passed. Poblete has not filed an opposition addressing the defendants' arguments for dismissal. Nor has he sought additional time to do so. Therefore, pursuant to LCvR 7(b), these unopposed motions are deemed conceded.

The Court further observes that the defendants' motions present sound justifications for dismissal. In particular, the Court agrees with Ocwen's contention that Poblete's complaint fails to meet the pleading requirement of Federal Rule of Civil Procedure 8(a).

Rule 8(a) requires that a complaint contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). This minimal standard serves to give fair notice to defendants of the claim or claims being asserted such that defendants are able to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Pleading deficiencies that warrant dismissal include (1) "confused and rambling narrative of charges and conclusions," (2) "untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and

personal comments," and (3) failing to allege "with even modest particularity the dates and places of the alleged transactions." *Id.* at 499.

Poblete's complaint does not satisfy the pleading rules. The caption of the document reads:

**NICE OFFER AND DEMANDS**
*NOTICE TO PRINCIPALS IS NOTICE TO AGENTS*
*AND NOTICE TO AGENTS IS NOTICE TO PRINCIPALS*
*THIS IS LAWFUL NOTICE TO CLAIMANT THAT UNTIL CLAIMANT HAS*
*VALIDATED AS STIPULATED AND PRODUCED AS STIPULATED, THE*
*INFORMATION AND DOCUMENTATION DEMANDED HEREIN*
<u>*CLAIMANT MUST CEASE ANY AND ALL FORECLOSURE*</u>
<u>*AND/OR COLLECTION ACTIVITIES IMMEDIATELY.*</u>

**COMES NOW,** Affiant, one of the people of Missouri, the Sovereign spoken of in Yick Wo vs. Hopkins, in a special appearance only to present to Claimant this "nice offer and demands" and lawful legal notice(s) pursuant to (but not limited to) the Constitution for the United States, the Uniform Commercial Code (UCC) 3-601, 3-602, 3-603, 3-604, 3-605, the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. §§ 1601, 1692 et seq, and applicable law. Pursuant to the federal Constitution, specifically, the Bill of Rights, in particular, the First, Fourth, Fifth, Sixth, Seventh, Ninth and Tenth Amendments, and requires your written response or rebuttal (point by point) to Affiant, specific to the subject matter within 30 days. Failure to respond, as stipulated, and rebut that with which you disagree, in writing, with particularity, to Affiant, within 30 days of the date this Nice Offer And Demands was received by Claimant, and support Claimant's disagreement with fact, evidence and Constitutionally based law, constitutes Claimant's full agreement with Affiant's allegations and claims.
*"Your silence is your acquiescence". See:* <u>Connally v. General Construction Co., 269 U.S. 385, 391.</u> *Notification of legal responsibility is "the first essential of due process of law". See also: U.S. V. Tweel, 550 F.2d. 297. "Silence can only be equated with fraud where there is a legal or moral duty to speak or when an inquiry left unanswered would be intentionally misleading".*

Compl. at 2.

This opening is just a brief example of the nonsensical contents of the document. The 29-page "Nice Offer and Demands" consists of an assortment of items including sworn statements, requests for production of original documents, inquiries that are akin to interrogatories, and

3

seemingly irrelevant true/false questions.² It also contains a collection of definitions of words, including "and" and "date"; Poblete's definition of "document" or "documents" takes up more than one page. Compl. at 6–7. Poblete cites various sections of the U.S. Constitution, the Uniform Commercial Code, and state and federal statutes without explaining why they are relevant to his claims. The lack of both factual allegations and cohesive arguments renders the complaint incomprehensible. The document lacks essential elements such as a description of the alleged transactions, identifications of parties involved, and the dates and places of key events. Therefore, the complaint does not assist the defendants in ascertaining the nature and scope of this action beyond the possible conclusion, from the opening text quoted above and other references to debt scattered throughout the document, that Poblete is disputing some nonspecified debt and/or foreclosure with the "Claimant," his purported opponent. Consequently, defendants did not receive fair notice of the claim or claims asserted against them and cannot prepare adequate answers or defenses. "It belabors the obvious to conclude that the complaint filed in this action falls far short of the admittedly liberal standard set in [Rule] 8(a)." *Brown,* 75 F.R.D. at 499.

      For the foregoing reasons, Poblete's complaint shall be dismissed. An appropriate order accompanies this memorandum.

                                               Henry H. Kennedy, Jr.
                                               United States District Judge

---

² For example, the first true/false question reads "TRUE|FALSE - 'money' is an asset and an asset is 'money' or at least the equivalent of 'money', and that Federal Reserve Notes are assets, and 'checkbook money' or 'demand deposits' are liabilities of a financial institution and therefore the opposite of money." Compl. at 23. Another reads "TRUE|FALSE - Affiant states that *copy* of a thing cannot be the thing, no matter how cleverly it is worded or stated." *Id.* at 23–24. Poblete also cites from various statues and other publications, for instance, one reads "TRUE|FALSE - '[n]o bank ever lends its deposits' *Money and Banking by Professor David R. Kamerschen, 9th Edition, page 164.*" *Id.* at 26.